Marcelino A. VILLANUEVA, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 92–3266.

United States Court of Appeals, Federal Circuit.

Dec. 3, 1992.

Marcelino A. Villanueva, submitted pro se.

Lauren L. Springer, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen, Asst. Director and Sharon Y. Eubanks, Atty.

Before ARCHER, MICHEL, and LOURIE, Circuit Judges.

ARCHER, Circuit Judge.

Marcelino A. Villanueva petitions for review of the decision of the Merit Systems Protection Board (board), No. SE08319010385, January 13, 1992, affirming the initial decision of the administrative judge (AJ). The initial decision sustained the reconsideration decision of the Office of Personnel Management (OPM) denying Villanueva's application for a deferred an-

nuity under the Civil Service Retirement System Act (CSRA). We affirm.

## I.

The initial decision by the AJ on August 23, 1990 stated that Villanueva based his claim for annuity on service in the Department of the Army from January 8, 1945 to December 29, 1948. The board noted, however, that Villanueva actually based his claim on over six years of service: military service from June 1, 1942 to February 16, 1946; and civilian service from February 17, 1946 to December 29, 1948. Nonetheless, the board affirmed the AJ's decision, holding that Villanueva could not count any military service toward the five-year creditable service requirement and that he, therefore, did not meet the creditable service requirement of 5 U.S.C. § 8333(a).

## II.

A. To be eligible for an annuity under the current requirements of the CSRA (a) the employee must complete at least five years of civilian service; and (b) within the last two years before any separation from service the employee must complete at least one year of covered service. 5 U.S.C. § 8333 (1988). Because Villanueva did not show that he had at least five years of civilian service (he only alleged civilian service from February 17, 1946 to December 29, 1948), the board correctly determined that he did not have annuity rights under current law. He also did not show that any of his service was "covered service."

■ B. The last sentence of section 8333(b) provides, however, that a failure to meet the covered service requirement will not "deprive the individual or his survivors of annuity rights which attached on a previous separation." This provision precludes the divestment of annuity rights if the employee satisfied the eligibility requirements under the law in effect at the time of separation from employment. *Esteban v. Office of Personnel Management*, 978 F.2d 700, 701 (Fed.Cir.1992).

■ Villanueva separated from service on December 29, 1948. Villanueva's retirement annuity rights were governed by the CSRA of 1948, which required that five years of civilian service be rendered before any employee may be entitled to an annuity.[1] Act of February 28, 1948, ch. 84, § 5, 62 Stat. 48, 50–51 (1948); *see also* S.Rep. No. 746; 80th Cong., 2d Sess. (1948), *reprinted in* 1948 U.S.Code Cong.Serv. 1107, 1111 ("section [5] requires that 5 years of civilian service be rendered before any employee may have title to annuity, rather than a combination of civilian and military service"). Villanueva's contention that his military and civilian service should be combined is thus expressly precluded by the Act. Because Villanueva has alleged only 34 months of civilian service, Villanueva cannot qualify for an annuity under the

---

[1]. Section 5 of the Civil Service Act of 1948 stated:

Subject to the provisions of section 9 hereof, the aggregate period of service which forms the basis for calculating the amount of any annuity provided in this Act shall be computed from the date of original employment, whether as a classified or an unclassified officer or employee in the civil service of the United States, or in the service of the District of Columbia, including periods of service at different times and in one or more departments, branches, or independent offices, or the legislative branch of the Government, and also periods of service performed overseas under authority of the United States, and periods of honorable service in the Army, Navy, Marine Corps, or Coast Guard of the United States; in the case of an officer or employee, however, who is eligible for and receives retired pay on account of military or naval service, the period of service upon which such retired pay is based shall not be included, except that in the case of an officer or employee who is eligible for and receives retired pay on account of a service-connected disability incurred in combat with an enemy of the United States or resulting from an explosion of an instrument of war, the period of the military service shall be included: *Provided,* That an officer or employee must have served for a total period of not less than five years exclusive of such military or naval service before he shall be eligible for annuity under this Act. Nothing in this Act shall be construed as to affect in any manner an officer's or employee's right to retired pay, pension, or compensation in addition to the annuity herein provided.

Act of February 28, 1948, ch. 84, 62 Stat. 48 (1948) (effective April 1, 1948).

1948 Act. *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140–41 (Fed.Cir.1986) (holding that the board properly placed the burden of proving entitlement to benefits on the applicant).

## CONCLUSION

Accordingly, Villanueva is not eligible for an annuity under the current CSRA and is not eligible for an annuity under the civil service retirement law in force at the time of his separation.

AFFIRMED.