70 F.3d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alejandrina A. RABANAL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3577.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1995.
 
 Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Alejandrina A. Rabanal petitions for review of the final decision of the Merit Systems Protection Board ("Board") in docket No. SE-0831-95-0030-I-1.[1] In its decision, the Board affirmed the reconsideration decision of the Office of Personnel Management ("OPM") that Rabanal is not eligible for a retirement annuity. We vacate and remand.
 
 DISCUSSION
 
 2
 Rabanal alleged that she was employed as a teacher in the Philippines intermittently between 1923 and 1972. She claimed that, based upon service with the Insular Government of the Philippines from June 1, 1923, through June 30, 1932, she was entitled to receive a retirement annuity.[2] After OPM denied her claim, she appealed to the Board. The Board affirmed the OPM's decision and this appeal ensued.
 
 
 3
 In order to prevail on appeal, Rabanal must show that the Board's decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). A person seeking a retirement annuity has the burden of proving his or her entitlement to the annuity by a preponderance of the evidence. True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed.Cir.1991) (citing Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987)). Rabanal may qualify for an annuity under either (1) present law or (2) the law in effect when separation from employment occurred. Villanueva v. Office of Personnel Management, 980 F.2d 1431, 1432 (Fed.Cir.1992).
 
 
 4
 With regard to the second qualification standard, the AJ determined that a 1930 statute, Pub.L. No. 71-279, 46 Stat. 468 (1930), applies to Rabanal. The 1930 statute requires that an applicant who seeks retirement benefits based on service with the Insular Government of the Philippines must demonstrate, inter alia, the completion of at least fifteen years of creditable service. Id. at 468, 472. The AJ rejected Rabanal's claim because she alleged only about ten years in which she might have worked for the Insular Government.[3] Because Rabanal does not meet the fifteen year requirement of the 1930 statute, the AJ did not err in rejecting her claim under that statute.
 
 
 5
 Rabanal argues that the more liberal provisions of a 1942 statute apply to her. The 1942 statute, Pub.L. No. 77-411, 56 Stat. 13 (1942), requires only five years of creditable service for retirement annuity eligibility. However, an annuity applicant must establish coverage under the statute in order for its provisions to apply. Esteban v. Office of Personnel Management, 978 F.2d 700, 704 (Fed.Cir.1992). Rabanal has offered no evidence that she was ever covered by the 1942 statute.
 
 
 6
 Turning to present law, the Civil Service Retirement Act currently in effect ("the CSRA"), 5 U.S.C. Secs. 8331-8351 (1994), sets forth two requirements for annuity eligibility: (1) there must be five years of creditable service, 5 U.S.C. Sec. 8333(a); and (2) one of the last two years before separation from service must be in a position that is covered by the CSRA, 5 U.S.C. Sec. 8333(b). The AJ did not make a determination as to whether Rabanal is eligible for a retirement annuity under the CSRA. In analyzing Rabanal's claim under the 1930 statute, he found, as discussed supra, that Rabanal presented evidence regarding about ten years for which she might have worked for the Insular Government. However, he made no finding as to whether Rabanal meets the requirements of Sec. 8333(b). The AJ noted that a search of the records of the Bureau of Insular Affairs for OPM "conducted by the National Archives may have used an incorrect first [name] for [Rabanal]--Al Ejandrina rather than Alejandrina. It is possible that this error might have cause[d] records about the appellant to be overlooked." The AJ found it unnecessary "to remand this matter to OPM for a further search of employment records." However, a correctly-done search of such records may reveal information indicating that Rabanal meets the creditable service and covered service requirements of 5 U.S.C. Sec. 8333(a) and (b), thus supporting eligibility for an annuity under present law.
 
 
 7
 In sum, we find no error in the denial of Rabanal's claim under the 1930 statute. However, no determination has been made as to whether Rabanal has established entitlement under the CSRA. Accordingly, the decision of the Board affirming OPM's reconsideration decision is vacated and this case is remanded for a determination of whether Rabanal is eligible for a retirement annuity under the CSRA, which determination should follow a further search of employment records using Rabanal's correct name.
 
 
 
 [1]
 The December 30, 1994 initial decision of the administrative judge ("AJ") became the final decision of the Board on February 3, 1995, after Rabanal failed to petition the full Board for review
 
 
 [2]
 The Insular Government of the Philippines ceased to exist on November 15, 1935, upon the formation of the Philippine Commonwealth Government
 
 
 [3]
 The AJ concluded that Rabanal had not shown that she ever worked for any particular organization. However, for purposes of analysis, the AJ assumed that Rabanal's service was with the Philippine government