**Nemesio AVILA, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 95–3579.

United States Court of Appeals, Federal Circuit.

Feb. 21, 1996.

Nemesio Avila, Manila, Philippines, pro se.

Lydia Kay Griggsby, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, submitted on the briefs, for respondent. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Assistant Director. Also on the brief was Jill Gerstenfield, Office of the General Counsel, Office of Personnel Management, Washington, DC.

Before MAYER, MICHEL, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

Nemesio Avila, a former employee of the Philippine Insular Government, seeks review of a decision of the Merit Systems Protection Board affirming a determination by the Office of Personnel Management (OPM) that he is not entitled to a deferred retirement annuity under the Civil Service Retirement Act (CSRA). We affirm.

I

Avila was employed by the Philippine Insular Government from June 2, 1924, until November 15, 1935, when the Insular Government was replaced by the Commonwealth of the Philippine Islands. In 1992, Avila applied to OPM for deferred annuity benefits. OPM denied the application both in its initial decision and on Avila's request for reconsideration. On appeal to the Merit Systems Protection Board, an administrative judge sustained OPM's decision. The administrative judge declined to consider whether Avila's service with the Insular Government was covered under the CSRA, because Avila failed to meet two of the threshold eligibility requirements of the Civil Service Retirement Act of 1930, the version of the CSRA that was in effect at the time of Avila's separation in 1935. The 1930 Act required that for a separated employee to be eligible for a de-

ferred annuity, the employee must have occupied a position covered by the Act, must have completed at least 15 years of creditable service, and must have been at least 45 years old at the time of separation. Pub.L. No. 71–279, § 7, 46 Stat. 468, 474 (1930). Because Avila served less than 12 years with the Insular Government and was only 34 years old at the time of his separation, the administrative judge found that he would not have been entitled to an annuity even if his service had been covered by the CSRA. The full Board denied Avila's petition for review, and this appeal followed.

## II

Avila clearly failed to satisfy the eligibility requirements of the 1930 version of the Civil Service Retirement Act. He argues, however, that his eligibility for an annuity should be determined under versions of the Act that were enacted after his separation. Essentially, Avila argues that the 1942 Act, which amended the 1930 statute, and the 1956 Act, which embodies the current version of the CSRA, are retroactively applicable to employees who were separated before those statutes became law.

### A

■ Under the current version of the CSRA, an applicant is entitled to a retirement annuity if (1) the applicant has completed five years of creditable service, and (2) during at least one of the last two years before separation, the applicant's service was "covered" by the CSRA. Covered service is service as an "employee," as defined by 5 U.S.C. § 2105, that is not specifically excluded from the Act, *see Rosete v. Office of Personnel Management,* 48 F.3d 514 (Fed. Cir.1995).

■ Avila argues that in his position with the Insular Government, he was an "employee," as that term is defined in the current version of the CSRA, and that he was engaged in employment that would constitute "covered service" under the current version of the CSRA. He contends that he is therefore eligible for an annuity under 5 U.S.C. § 8333. His argument fails, however, because the current provisions of the CSRA are inapplicable to anyone who was not an "employee" after the effective date of the current version of the CSRA, October 1, 1956.

■ Congress made the 1956 version of the CSRA prospective in its application. Section 403 of the Act provided as follows:

> Except as otherwise provided, the amendments made by this title shall not apply in the case of employees or Members retired or otherwise separated prior to its effective date, and the rights of such persons and their survivors shall continue in the same manner and to the same extent as if this title had not been enacted.

Pub.L. No. 84–854, tit. IV, § 403, 70 Stat. 736, 760 (1956). The 1956 version of the CSRA was approved on July 31, 1956, and took effect on October 1, 1956. *Id.* § 407, 70 Stat. at 760. Because Avila was separated from the Insular Government in 1935, the current version of the CSRA does not afford him any annuity rights.

Our ruling on this issue is not inconsistent with this court's decisions in *Villanueva v. Office of Personnel Management,* 980 F.2d 1431 (Fed.Cir.1992), and *Esteban v. Office of Personnel Management,* 978 F.2d 700 (Fed. Cir.1992), in which the court found the employees ineligible for annuities because they failed to satisfy the "covered service" or "creditable service" requirements of the 1956 version of the CSRA. In this case, we focus on whether the statute has any application to a person separated before the statute's effective date, an issue not reached by the court in *Villanueva* and *Esteban.*

### B

■ While persons separated before October 1, 1956, are not eligible for an annuity under the current version of the CSRA, the current Act contains a "savings provision," which states: "Failure to meet this service requirement does not deprive the individual or his survivors of annuity rights which attached on a previous separation." 5 U.S.C. § 8333(b). The savings provision does not make the CSRA retroactive to prior separations. Instead, it merely "precludes the divestment of annuity rights

where the employee on a prior separation from employment satisfied the eligibility requirements under the law in effect at that time." *Esteban*, 978 F.2d at 701.

■ Since Avila's pre-enactment separation makes him ineligible for benefits under the 1956 Act, he is eligible for an annuity only if he falls within the savings clause, *i.e.*, if he was entitled to an annuity under an earlier version of the CSRA. He plainly was not eligible for an annuity under the 1930 version of the Act, as he did not have the required 15 years of service and was not at least 45 years old at the time of his separation. That leaves only the 1942 version of the Act as a possible basis for his claim.

■ The 1942 version of the CSRA provided that "any officer or employee to whom this Act applies" would be entitled to a deferred annuity if he became separated from government service "after having served for a total period of not less than five years and before becoming eligible for retirement." Pub.L. No. 77–411, § 5, 56 Stat. 13, 16 (1942). Section 3 of the 1942 Act made the Act applicable to "all officers and employees in or under the executive, judicial, and legislative branches of the United States Government, all elective and appointive offices in or under the said branches, and to all officers and employees of the municipal government of the District of Columbia." 56 Stat. at 15. Therefore, to be eligible for an annuity under the 1942 Act, an applicant must establish that he served five years in a creditable position, and that at some point he was subject to the 1942 Act, *i.e.*, at some time he was an officer or employee as defined in section 3.

Although Avila may have served at least five years in a creditable position, *see* Federal Personnel Manual, Supp. 831–1, App. C–5, he was not an employee or officer subject to the 1942 Act, because he was separated seven years before the 1942 Act became effective and because the 1942 Act, like the 1956 Act, was not made retroactively applicable to persons separated before the effective date of the Act.

Section 10 of the 1942 Act provided that "[n]othing in this Act shall be construed as to affect any rights of persons separated prior to the effective date of this Act, but all such rights shall continue and may be enforced in the same manner as though this Act had not been made." Pub.L. No. 77–411, § 10, 56 Stat. at 17. That provision strongly suggests that persons who left government service before the effective date of the 1942 Act must look to previous statutes to determine if they are eligible for any retirement benefits.

■ Moreover, while Section 10 of the 1942 Act was not as explicit a statement of non-retroactivity as is found in the 1956 Act, the general principles of retroactivity law are consistent with the view that the 1942 Act does not apply to persons who were not employees while the Act was in effect. In a case involving disability retirement annuities, for example, this court held that the applicable eligibility requirements under the CSRA are those that were in effect on the date of the employee's separation, not those enacted thereafter. *McEachern v. Office of Personnel Management*, 776 F.2d 1539, 1544 (Fed. Cir.1985). More generally, the non-retroactivity of the 1942 Act is supported by the canon of statutory construction that a civil statute is not accorded retroactive application "absent clear congressional intent favoring such a result." *Landgraf v. USI Film Prods.*, —— U.S. ——, ——, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994) (recognizing presumption that a civil statute will not be given retroactive effect to "impose new duties with respect to transactions already completed"). That principle applies not only to statutes regulating the rights and duties of private parties, but also to statutes "involving new monetary obligations that [fall] only on the government." *Id.* at —— n. 25, 114 S.Ct. at 1500 n. 25. *See also White v. United States*, 191 U.S. 545, 24 S.Ct. 171, 48 L.Ed. 295 (1903) (provision of Navy Personnel Act stating "all officers ... who have been or may be appointed to the Navy from civil life shall, on the date of appointment, be credited, for computing their pay, with five years' service" was not retroactively applicable to officers appointed before effective date of Act).

Congress has expressly given retroactive effect to certain provisions of civil service retirement statutes. *See, e.g.*, Pub.L. No. 71–279, § 8, 46 Stat. at 475 (those who had

already retired and begun receiving an annuity under the previous act could have their annuities recomputed, adjusted, and paid under new rates set by the 1930 Act); Pub.L. No. 80–426, § 3, 62 Stat. 48, 49 (1948). However, the provisions of the 1942 Act that Avila must depend upon, *i.e.*, those that define the applicability of the Act and the eligibility requirements for an annuity, contain no expression of intent that they be applied to previously separated employees. *See* Pub.L. No. 77–411, §§ 3, 5, 56 Stat. at 15–16. Nor does the legislative history of the 1942 Act reveal such an intent. *See* H.R.Rep. No. 1285, 77th Cong., 1st Sess. (1941); S.Rep. No. 921, 77th Cong., 1st Sess. (1941). Therefore, because the 1942 Act does not clearly express a congressional intent that it apply to pre-enactment separations, Avila's eligibility for a deferred annuity is governed solely by the 1930 version of the CSRA, the Act in effect when he was separated from the Insular Government in 1935. *Cf.* 36 U.S.Op.Atty. Gen. 495 (1931) (concluding that retirement from civil service before effective date of 1930 Act may not be governed by terms of 1930 Act, as Congress did not expressly provide for that Act to have retroactive effect: "Under all this legislation, the rights of employees have been fixed as of the date of their separation from service."). *See also Cera v. Office of Personnel Management*, 52 M.S.P.R. 244, 246–47, *aff'd*, 979 F.2d 216 (Fed.Cir.1992) (Table); *Bulatao v. Office of Personnel Management*, 52 M.S.P.R. 217, 220, *aff'd*, 980 F.2d 742 (Fed.Cir.1992) (Table).

### C

 In sum, an applicant for a retirement annuity is not eligible for benefits under a statute enacted after the date of his final separation from government service. Avila was properly denied an annuity because he did not satisfy the eligibility requirements of the Act that was in effect at the time of his separation and because the eligibility provisions of the subsequent statutes are inapplicable to him.

*AFFIRMED.*