91 F.3d 166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Remedios L. MADRIGAL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3062.
 United States Court of Appeals, Federal Circuit.
 April 16, 1996.
 
 Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 RADER, Circuit Judge.
 
 
 1
 In this personnel case, Remedios L. Madrigal appeals a final decision by the Merit Systems Protection Board (Board) affirming the Office of Personnel Management's (OPM) decision that she was not entitled to a deferred annuity. Because the Board properly determined Ms. Madrigal was not eligible for an annuity, this court affirms.
 
 
 2
 Ms. Madrigal taught school in the Philippine Islands from June 6, 1927 to October 10, 1950. From June 6, 1927 to November 14, 1935, Ms. Madrigal contends she taught for the Philippine Insular Government. This entity was abolished on November 14, 1935, when the autonomous commonwealth of the Philippine Islands was established. Ms. Madrigal applied to OPM for retirement benefits based on her alleged service with the Insular Government.
 
 
 3
 This court previously affirmed OPM's decision that Ms. Madrigal was not entitled to an annuity based on the 1930 Act and the 1942 amendments to the Civil Service Retirement Act (CSRA). This court, however, vacated OPM's decision that the current CSRA could not apply to Ms. Madrigal. This court remanded for "fact-finding and a decision by the Board only on the issue of [Ms. Madrigal's] entitlement under the requirements of 5 years creditable service and 1 year (of the final 2) of covered service under the current CSRA." Madrigal v. Office of Personnel Mgt., No. 94-3111, slip op. at 6 (Fed. Cir. June 10, 1994) (nonprecedential). Specifically, this court instructed the Board to consider whether Ms. Madrigal could establish that she was an "employee" under 5 U.S.C. § 2105 (1994) and whether her service was covered under 5 U.S.C. § 8333 (1994).*
 
 
 4
 On remand, the administrative judge found that Ms. Madrigal was not an employee under section 2105. On appeal, the Board affirmed the administrative judge's conclusion and expressly noted that Ms. Madrigal did not serve in a covered position under section 8333 because she was not an employee under section 2105. Ms. Madrigal appeals this decision.
 
 
 5
 This court must affirm a Board decision unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 6
 To be eligible for an annuity, an "employee" must complete 5 years of civilian service with at least one of the last two years in "covered service." 5 U.S.C. §§ 8333(a) & (b). Service must be subject to the CSRA to be covered. Rosete v. Office of Personnel Mgt., 48 F.3d 514, 516 (Fed.Cir.1995). Moreover, employees in covered service must deposit part of their basic pay into the Civil Service Retirement and Disability Fund. Id. To be an employee, one must be (1) appointed by a Federal officer acting in his official capacity, (2) engaged in the performance of a Federal function under authority of law or Executive Order, and (3) engaged in duties while under the supervision and direction of a Federal official. 5 U.S.C. § 2105.
 
 
 7
 After receiving evidence on the issue, the Board determined that Ms. Madrigal failed to meet her burden to establish that she was an employee under section 2105. The Board considered conflicting evidence on this issue. It chose to credit the information received from various Federal Government agencies. These agencies could not verify Ms. Madrigal's service with the Insular Government. Consequently, substantial evidence supports the Board's finding.
 
 
 8
 With that finding, the Board properly determined that Ms. Madrigal did not qualify for an annuity under section 8333. Consequently, because the Board's decision is supported by substantial evidence and in accordance with law, this court affirms.
 
 
 
 *
 This court has recently held that the current CSRA does not apply to anyone who was not an employee after October 1, 1956. Avila v. Office of Personnel Mgt., No. 95-3579, 1996 WL 74004, at * 1-2 (Fed.Cir. Feb. 21, 1996)