92 F.3d 1207
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eustacio S. ORIGENES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3023.
 United States Court of Appeals, Federal Circuit.
 July 11, 1996.
 
 Before NEWMAN, MAYER, and LOURIE, Circuit Judges.
 NEWMAN, Circuit Judge.
 
 
 1
 Eustacio S. Origenes appeals the decision of the Merit Systems Protection Board, Docket No. SE0831950027-I-1, affirming a decision of the Office of Personnel Management (OPM) that Mr. Origenes is not entitled to an annuity under the Civil Service Retirement System (CSRS). We affirm.
 
 BACKGROUND
 
 2
 On September 7, 1992 Mr. Origenes applied to OPM for a deferred retirement annuity for his work as a teacher for the Insular Government of the Philippines from June 17, 1929 to November 14, 1935, when the Insular Government was replaced by the Commonwealth of the Philippine Islands. OPM denied the application, stating that Mr. Origenes never served in a position subject to the CSRS. Mr. Origenes appealed OPM's decision to the MSPB. The administrative judge ruled that because Mr. Origenes had less than 15 years of creditable service, he failed to fulfill a statutory requirement of eligibility for a retirement annuity. The full Board denied Mr. Origenes' petition for review and this appeal followed.
 
 DISCUSSION
 
 3
 The Civil Service Retirement Act (CSRA) of 1930, in effect at the time of Mr. Origenes' separation in 1935, required an employee to have occupied a position covered by the Act, to have completed at least 15 years of creditable service, and to have been at least 45 years old at the time of separation to qualify for a deferred annuity. Pub.L. No. 71-279, § 7, 46 Stat. 468, 474 (1930). The MSPB correctly found that Mr. Origenes' six and a half years of service for the Insular Government, although creditable, did not satisfy the requirement of 15 years of creditable service. Mr. Origenes does not contend that his service for the Philippine Government after the Insular Government ceased to exist was creditable. Thus Mr. Origenes is not eligible for a deferred annuity under the CSRA of 1930.
 
 
 4
 Mr. Origenes urges remand to allow the MSPB to determine whether he is eligible for an annuity under the current version of the CSRA. However, on similar facts, this court recently has held that "an applicant for a retirement annuity is not eligible for benefits under a statute enacted after the date of his final separation from government service." Avila v. Office of Personnel Management, 79 F.3d 128, 132 (Fed.Cir.1996). Mr. Origenes separated from government service in 1935 and thus can not be eligible for a retirement annuity under any version of the CSRA other than the 1930 version in effect at the time of his separation. Like Mr. Avila, Mr. Origenes "was properly denied an annuity because he did not satisfy the eligibility requirements of the Act that was in effect at the time of his separation and because the eligibility provisions of the subsequent statutes are inapplicable to him." Id.
 
 
 5
 The MSPB's decision was neither arbitrary nor capricious, was supported by substantial evidence, and was in accordance with applicable provisions of the CSRA. Thus we affirm.