108 F.3d 1394
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Taurino C. LIM, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 97-3068.
 United States Court of Appeals, Federal Circuit.
 March 10, 1997.
 
 Before CLEVENGER, RADER AND SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Taurino C. Lim petitions for review of the decision of the Merit Systems Protection Board No. SE0831940206-M-1 (October 3, 1996), affirming the reconsideration decision of the Office of Personnel Management that he is not entitled to an annuity under the Civil Service Retirement system. We affirm.
 
 
 2
 * On a previous petition for review by Mr. Lim to this court, we held that he was not entitled to an annuity pursuant to the applicable law in effect when he ceased being a federal employee in 1935. Lim v. Office of Personnel Management, 70 F.3d 129 (Fed.Cir.1995) (table). At the time of our previous decision, this court had not decided whether subsequent laws concerning entitlement to annuities have retroactive effect so as to allow persons such as Mr. Lim who ceased being federal employees before the later enactments, to qualify for annuities under the laws enacted after their time of service. Because that question was open, we remanded Mr. Lim's case to the Board for a determination of whether on his record he would qualify for an annuity under current law. Id.
 
 II
 
 3
 After our remand, this court decided that current laws concerning annuities do not have retroactive effect. Avila v. Office of Personnel Management, 79 F.3d 128, 131-32 (Fed.Cir.1996). Consequently, on remand in this case, the Board held that Mr. Lim could not establish entitlement to an annuity under the current law, and, since he failed to establish entitlement under the law in effect at the time he ceased being a federal employee, the Board affirmed OPM's decision denying Mr. Lim's application for an annuity.
 
 III
 
 4
 We must affirm the decision of the Board unless it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, obtained by procedural error or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). The decision of the Board in this case is none of those things. Mr. Lim recognizes the insurmountable hurdle created for him by our decision in Avila, which he seeks to avoid by describing that decision as unpublished and therefore not binding on us. Avila, to the contrary, is binding and applicable precedent which precludes Mr. Lim from showing whether his previous record would qualify him for an annuity under current law. We have no choice but to affirm the decision of the Board.