NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SIXTO DELA CRUZ,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2010-3165

---

Petition for review of the Merit Systems Protection Board in Case No. SF0831090823-I-1.

---

Decided: April 8, 2011

---

SIXTO DELA CRUZ, of Zambales, Philippines, pro se.

J. HUNTER BENNETT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before Bryson, Mayer, and Dyk, *Circuit Judges.*

Per Curiam.

## Decision

Sixto Dela Cruz appeals from a decision of the Merit Systems Protection Board affirming a ruling of the Office of Personnel Management ("OPM") that he is not eligible for benefits under the Civil Service Retirement System ("CSRS"). We affirm.

## Background

Mr. Dela Cruz, a citizen of the Philippines, was employed in various positions by the Department of the Navy at the former U.S. Naval Base at Subic Bay in the Philippines. Those positions included Senior Guard (September 1946 to June 1948), Machinist (September 1948 to November 1948), Guard (November 1948 to May 1949), Laborer (June 1965 to September 1965), and Motorboat Captain (December 1965 to April 1981). His separation from the position of Motorboat Captain in 1981 was due to his attainment of the mandatory retirement age. In 1985, Mr. Dela Cruz sought a CSRS retirement annuity by filing a Standard Form 2801, Application for Immediate Retirement under the Civil Service Retirement System. OPM denied Mr. Dela Cruz's request for an annuity after finding that he had never been employed in a position that was subject to the Civil Service Retirement Act ("CSRA").

In 2008, Mr. Dela Cruz submitted a Standard Form 2803, Application to Make Deposit or Redeposit (Civil Service Retirement System). He sought to make a deposit in order to make up for CSRS deductions that he believed should have been taken from his salary during his em-

ployment between 1965 and 1981. OPM denied that request on the ground that Mr. Dela Cruz was not currently employed in a position subject to retirement deductions, nor was he entitled to an annuity. OPM explained that he was not entitled to an annuity because his creditable civilian service was not covered under the CSRS. On appeal to the Board, the administrative judge determined that Mr. Dela Cruz was not eligible to make CSRS deposits because his employment had been temporary or indefinite and that he was therefore not in "covered service" for purposes of CSRS benefits. The administrative judge noted that the Standard Form 50 ("SF-50"), Notice of Personnel Action, that was issued at the time of Mr. Dela Cruz's retirement indicated that he was covered under a non-CSRS retirement plan. The full Board denied Mr. Dela Cruz's petition for review. This appeal followed.

DISCUSSION

Under circumstances prescribed by statute and regulation, an employee with civilian service for which retirement deductions were not made may make a later deposit of those deductions and thereby obtain credit toward a retirement annuity. 5 U.S.C. § 8334. The right of deposit is limited to persons designated as "employees." That term is defined to mean persons currently employed in CSRS-eligible positions or persons formerly employed in such positions who are eligible for a retirement annuity. 5 C.F.R. § 831.112(a). In order to be eligible for a retirement annuity, an employee must have completed at least five years of "creditable service." 5 U.S.C. §§ 8331(12), 8332, 8333(a). In addition, at least one of the final two years of employment prior to separation must have been "covered service," i.e., "creditable civilian service during which [the employee] is subject to the [CSRA]." *Id.* § 8333(b).

Mr. Dela Cruz argues that an employee is eligible for a CSRS retirement annuity merely by virtue of undertaking creditable service during one of the final two years of employment prior to separation. That position has been squarely rejected by this court. *Herrera v. United States*, 849 F.2d 1416, 1417 (Fed. Cir. 1988). The "one-out-of-two" requirement refers to "covered service," i.e., service that is subject to the Civil Service Retirement Act. *Id.* The administrative judge found that Mr. Dela Cruz's final two years of service as a Motorboat Captain, while creditable, were not covered under the CSRS.[1] That finding is clearly supported by the administrative record.

The administrative judge found that Mr. Dela Cruz's appointment as a Motorboat Captain from 1965 to 1981 was nonpermanent or indefinite. Service under indefinite appointments made after 1955 is excluded from CSRS retirement coverage. 5 C.F.R. § 831.201(a)(13); *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). Mr. Dela Cruz contends that, as of his reappointment to the position of Laborer in September 1965, he was in a position of covered service under the CSRA. However, the case on which Mr. Dela Cruz relies, *Avila v. Office of Personnel Management*, 79 F.3d 128, 130 (Fed. Cir. 1996), clearly states that certain types of employees are excluded from CSRS coverage. As previously men-

---

[1] We need not consider Mr. Dela Cruz's employment prior to his appointment to the position of Motorboat Captain because his cumulative service in all other positions did not exceed five years. 5 U.S.C. § 8333(a). Thus, he cannot be eligible for a CSRS retirement annuity based on any separations from the Navy prior to his mandatory retirement in 1981. *See Guevara v. United States,* 229 Ct. Cl. 595, 598 (1981) (denying CSRS annuity for initial separation based on failure to meet five-year creditable service requirement and for later separation based on failure to meet "one-out-of-two" requirement).

tioned, those exclusions include employees with nonpermanent or indefinite appointments. Mr. Dela Cruz argues that much of his employment with the Navy did not occur under an indefinite appointment because he worked full-time. His full-time status, however, does not make his position subject to the CSRA. If an employee's position is indefinite, he is not eligible for an annuity under the CSRS, regardless of whether he is employed full-time. 5 C.F.R. § 831.201(a)(13).

The administrative judge's decision also finds support in Mr. Dela Cruz's SF-50 form pertaining to his final separation from the Navy. That form indicates that his retirement benefits were not "CS" or "Civil Service Retirement System." Rather, he received "other" retirement benefits, specified as 18 months of retirement pay corresponding to his creditable service "in accordance with the [Collective Bargaining Agreement] of 11 April 1979." Receipt of retirement benefits under a non-CSRS plan indicates that the employee's service was not "covered service." *Quiocson*, 490 F.3d at 1360. We have specifically held that a severance package such as the one given to Mr. Dela Cruz constitutes "another retirement system" that precludes eligibility for a retirement annuity under the CSRS. *Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 765-66 (Fed. Cir. 2009); *see* 5 U.S.C. § 8331(1)(ii).

Mr. Dela Cruz asserts that the statutory provision allowing employees to make deposits under the CSRS, 5 U.S.C. § 8334(c), does not require that those employees meet the covered service requirement of 5 U.S.C. § 8333(b). That argument has been considered and rejected by a previous decision of this court. In *Dela Rosa v. Office of Personnel Management*, 583 F.3d at 765, we held that a former employee not covered under the CSRS is not entitled to make a deposit pursuant to 5 U.S.C. § 8334(c).

We interpreted OPM regulations to restrict deposits to employees that are already eligible for CSRS retirement annuities. *Id.*; *see* 5 C.F.R. § 831.112(a)(2).

We have considered Mr. Dela Cruz's remaining arguments and find them without merit. Accordingly, we uphold the decision of the Board.

No costs.

**AFFIRMED**