**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CARLOS I. APONTE,
　　　　　　Appellant,

v.

OFFICE OF PERSONNEL
　　MANAGEMENT,
　　　　　　Agency.

DOCKET NUMBER
NY-0831-15-0279-I-1

DATE: April 29, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Carlos I. Aponte</u>, Jayuya, Puerto Rico, pro se.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision by the Office of Personnel Management (OPM) concerning his disability retirement annuity under the Federal Employees' Retirement System (FERS).　Generally, we grant petitions such as this one only

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.　Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.　In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.　*See* 5 C.F.R. § 1201.117(c).

when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant retired on disability under FERS effective June 21, 2007. Initial Appeal File (IAF), Tab 1.  Effective February 1, 2008, the Social Security Administration (SSA) awarded the appellant a disability benefit.  IAF, Tab 7 at 59‑64.

¶3    By letter dated February 15, 2013, OPM informed the appellant that it had recalculated his annuity.  IAF, Tab 7 at 22-24.  OPM explained that, for the first 12 months of his retirement, he was entitled to an annuity of 60 percent of his high-3 average salary, minus the full amount of his SSA disability benefit, and that after the first 12 months, he was entitled to an annuity of 40 percent of his high-3 salary, minus 60 percent of his SSA disability benefit.  *Id*. at 23; *see* 5 U.S.C. § 8452(a)(2).  OPM further explained that, if his earned benefit, based on years of service, exceeded his disability annuity under the applicable formula, he was entitled to the earned benefit.  IAF, Tab 7 at 23; *see* 5 U.S.C. § 8452(d). OPM calculated that, at the time of his retirement, the appellant was entitled to a

disability annuity of $2,187.00 per month, i.e., 60 percent of his high-3 average salary of $43,747.00. IAF, Tab 7 at 25. However, OPM found that, as of February 1, 2008, when the appellant became entitled to SSA benefits of $1842.00 per month, his annuity under 5 U.S.C. § 8452(a) was reduced to $345.00. *Id.* OPM further found that, effective July 1, 2008, the appellant's disability benefit was $353.00, i.e., 40 percent of his high-3 average salary, minus 60 percent of his SSA benefit. *Id.* at 26. OPM calculated that the appellant's earned benefit, based on his 14 years 1 month of law enforcement officer (LEO) service, times 1.7 percent, and 6 years 10 months of additional service, times 1 percent, was $1,121 per month, subject to cost of living adjustments. *Id.* at 28. Accordingly, OPM found that from February 1, 2008 onward, the appellant was entitled to his earned benefit, which was greater than the reduced disability annuity. *Id.* at 23, 25-26; *see* 5 U.S.C. § 8452(d).

¶4 The appellant requested reconsideration, and, on June 15, 2015, OPM issued a final decision affirming its annuity calculation. IAF, Tab 7 at 7-9, 12-13. On appeal to the Board, the appellant argued that OPM improperly reduced his disability annuity based on his SSA benefits. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 12, Initial Decision (ID). This petition for review followed. Petition for Review (PFR) File, Tab 1. OPM has filed a response, arguing in general terms that the appellant's petition does not meet the criteria for review. PFR File, Tab 3.

¶5 On review, the appellant cites *Stephenson v. Office of Personnel Management*, 705 F.3d 1323 (Fed. Cir. 2013), and *Hatch v. Office of Personnel Management*, 97 M.S.P.R. 669 (2004), *recons. denied*, 100 M.S.P.R. 204 (2005), for the proposition that "OPM cannot punish based on their calculation of retirement benefit an individual who retire based on disability." PFR File, Tab 1. We have considered these decisions, and we find that neither supports the

appellant's contention that OPM improperly reduced his disability annuity to account for his SSA disability benefit.

¶6        In *Stephenson*, the U.S. Court of Appeals for the Federal Circuit found that OPM had improperly reduced Mr. Stephenson's FERS disability annuity pursuant 5 U.S.C. § 8452(a)(2) during a period when he was performing substantial gainful activity and was therefore not entitled to SSA disability benefits.  However, the court also held that, when a person receiving a FERS disability annuity is entitled to receive an SSA disability benefit, 5 U.S.C. § 8452(a)(2) requires that the FERS disability annuity be reduced to account for the SSA benefit.  *Stephenson*, 705 F.3d at 1324, 1326‑27.  Here, there is no dispute that the appellant was entitled to SSA benefits during the period his FERS disability annuity was reduced pursuant to 5 U.S.C. § 8452(a)(2).

¶7        In *Hatch*, the Board held that the appellant's service for a specified time was properly treated as full-time rather than part-time service for purposes of retirement credit, when he was assigned to a full-time position during that period, but was given leave without pay (LWOP) for 4 hours a day because of his continuing medical inability to work full days, and received Office of Workers' Compensation Programs (OWCP) benefits for the 4 hours of leave.  The issue of SSA benefits did not arise in *Hatch*, and there is no evidence indicating that the appellant in this case was ever on LWOP or received OWCP benefits.  *Hatch* is therefore inapposite.

¶8        The appellant also argues that the administrative judge failed to consider the sworn statement of a certified public accountant, M.L., who concluded that the correct amount of the appellant's FERS disability annuity was $2,341.00.  *See* IAF, Tab 7 at 17-19.  However, the fact that the administrative judge did not mention M.L.'s statement does not mean that he did not consider it in reaching his decision.  *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd,* 776 F.2d 1062 (Fed. Cir. 1985) (Table).  In any event, M.L. failed to show his arithmetic, and we find his opinion

unpersuasive. Rather, for the reasons explained in the initial decision, we find that OPM complied with the provisions of 5 U.S.C. § 8352 in calculating the appellant's disability annuity. ID at 2‑4.

¶9  Finally, the appellant contends that OPM failed to take his LEO service into account in calculating his earned annuity. PFR File, Tab 1. However, the record reflects that OPM did consider the appellant's LEO service in calculating his earned benefit. IAF, Tab 7 at 22, 28. The appellant has not shown that OPM erred in its calculation. Accordingly, we find the appellant has not met his burden of proving by preponderant evidence that he is entitled to the retirement benefits he seeks. *See Villanueva v. Office of Personnel Management*, 52 M.S.P.R. 368, 370-61, *aff'd,* 980 F.2d 1431 (Fed. Cir. 1992).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27,

2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.