# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL EDWARD DUCEATT,<br>Appellant, | DOCKET NUMBER<br>CH-0839-17-0179-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>Agency. | DATE: January 19, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Edward Duceatt, Portage, Michigan, pro se.

Deborah L. Lisy, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed the final agency decision denying his request for corrective action under the Federal Erroneous Retirement Coverage Corrections Act (FERCCA), denied his complaint under the Uniformed Services Employment and Reemployment

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Rights Act of 1994 (USERRA), dismissed his complaint under the Veterans Employment Opportunities Act of 1998 (VEOA), and dismissed his challenge to his probationary termination. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the appellant failed to establish his USERRA claim, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        On petition for review, the appellant argues that the administrative judge erred in affirming the agency's FERCCA denial, in denying his USERRA claim, and in dismissing his VEOA appeal as unexhausted. He also reasserts his challenge to his 1985 probationary termination.[2] In addition, he appears to argue

---

[2] The appellant also submits a motion requesting to reopen the record to "correct[] or modif[y]" the stipulations identified in the administrative judge's Order and Summary of Status Conference and a second motion requesting reopening based on "recently rediscovered exculpatory evidence in the form of the agency stipulation." Petition for Review File, Tabs 7, 11; Initial Appeal File (IAF), Tab 21. The appellant does not specifically identify which of the stipulations he wishes to correct or identify how they were erroneous. To the extent he is challenging additional stipulations that he did not object to below, the Board will not consider this argument on review. *See Brown v. Department of the Army*, 96 M.S.P.R. 232, ¶ 6 (2004) (noting that the Board will not consider objections to an administrative judge's summary that the party failed to

for the first time that the agency's decision reducing his veterans' preference eligibility from 10 points to 5 points also constituted discrimination in violation of USERRA. Petition for Review (PFR) File, Tab 2 at 16-17; Tab 10 at 15. Although the Board generally does not consider arguments raised for the first time on review, *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980), the appellant may have tried to raise this argument below, and the administrative judge did not address it, Initial Appeal File (IAF), Tab 23. Because the Board construes claims under USERRA broadly and liberally, and because the appellant is pro se, in an overabundance of caution we have considered any potential argument that the appellant's preference point reduction also constituted a USERRA violation. *See Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012).

¶3      As the administrative judge noted in addressing the appellant's VEOA claim, the agency reduced the appellant's veterans' preference status based on the rating documentation it had available at the time it made the determination. IAF, Tab 28, Initial Decision at 15. Specifically, the agency asserted, and the appellant does not dispute, that in October 2013, prior to the preference status change, it informed the appellant that it did not have information on file concerning his disability rating and requested that he provide an updated copy of

---

preserve below). Regarding the stipulation the appellant objected to below—namely, his request to modify stipulation 18 to reflect that he had 6 years, 4 months, and 18 days of "Frozen" Civil Service Retirement System (CSRS) service prior to his Federal Employees Retirement System election—because we ultimately agree with the administrative judge's determination that the appellant's military service was not creditable civilian service for the purpose of determining CSRS retirement eligibility, the appellant's request is denied. IAF, Tabs 21-22; *see Tizo v. Office of Personnel Management*, 325 F.3d 1378, 1380 (Fed. Cir. 2003) (holding, in determining whether military service qualified as covered service for the purpose of establishing CSRS eligibility, that under the 1948 retirement law, "civil servants were required to meet the five-year service requirement 'exclusive of' military service."); *Villanueva v. Office of Personnel Management*, 980 F.2d 1431, 1432-33 (Fed. Cir. 1992) (finding the "contention that . . . military and civilian service should be combined is . . . expressly precluded by the [Civil Service Retirement Act of 1948].").

the Department of Veterans Affairs' disability rating decision letter. IAF, Tab 8 at 67. The appellant failed to provide the rating letter, so the agency eventually changed his rating status from code "3" (10-point eligible) to code "2" (5‑point eligible) and issued an updated Postal Service Form 50 reflecting that change. *Id.* at 65-66. The appellant has not challenged this characterization on review. Accordingly, we conclude that the appellant has failed to adduce any evidence that the agency's preference point reduction was based on any improper motivation and consequently, did not meet his burden of proving discrimination in violation of USERRA.[3] *See Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013-15 (Fed. Cir. 2001) (requiring an individual to initially show by preponderant evidence that his military status was at least a motivating or substantial factor in the agency action, upon which the agency must prove by preponderant evidence that the action would have been taken for a valid reason despite the protected status).

¶4        Regarding the appellant's argument, raised for the first time on review, that the agency's decision denying his request for corrective action under FERCCA was "three years late," PFR File, Tab 2 at 4-5, the appellant does not explain how this delay entitles him to corrective action under FERCCA. The appellant also makes a number of arguments for the first time in his reply to the agency's response to his petition for review, including that the agency engaged in unlawful discrimination, whistleblower retaliation, and reprisal for union activity and for

---

[3] After the record closed on review, the appellant submitted a motion requesting leave to file a Department of Veterans Affairs disability rating letter dated October 20, 2020. *See* PFR File, Tab 11 at 6. Because the agency based its rating determination on the information it had available at the time, and because we ultimately conclude that the agency's preference point reduction was not based on any improper motive, the October 20, 2020 rating letter is immaterial, and we deny the appellant's request. *See* 5 C.F.R. § 1201.114(k) (noting that the Board may accept additional pleadings, other than those provided for in 5 C.F.R. § 1201.114(a), only if the evidence is new and material and the party submitting it shows that it was not available prior to the close of the record on review); 5 C.F.R. § 1201.115(d).

the filing of a prior Board appeal. He also asserts that the agency created a hostile work environment and contributed to his loss of Office of Workers' Compensation benefits. PFR File, Tab 10 at 8-9, 13, 17-18. The Board's regulations make clear that a reply is limited to the issues raised by another party in the response to the petition for review, and the reply may not raise new allegations of error. 5 C.F.R. § 1201.114(a)(4); *see Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 5 n.3 (2015) (declining to consider new arguments that were first raised in a reply brief). Therefore, we have not considered these arguments, raised for the first time in the appellant's reply.

¶5          Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           /s/ for
                         _____
                         Jennifer Everling
                         Acting Clerk of the Board

Washington, D.C.